**MODIFY and AFFIRM; and Opinion Filed January 12, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00427-CR

**NATHANIEL DEMETRIUS GORDON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F14-51806-P**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Nathaniel Demetrius Gordon appeals following his conviction for theft. In a single issue, appellant contends the trial court's judgment should be modified to show he was convicted of a third-degree felony and there were no plea bargain terms. We modify the trial court's judgment and affirm as modified.

Appellant waived a jury and pleaded guilty to theft of property valued at less than $1,500 and with two prior theft convictions, a state-jail felony offense. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D) (West Supp. 2014). Appellant also pleaded true to two enhancement paragraphs that alleged prior state-jail felony convictions for "possession of a controlled substance" and "forgery financial instrument." The enhancement paragraphs elevated the

punishment range to that of a third-degree felony. *See id.* § 12.425(a). At the plea hearing, appellant testified he rejected the prosecutor's offer of two years' imprisonment because he hoped to receive probation and treatment for his bipolar disorder. After finding appellant guilty and the enhancement paragraphs true, the trial court sentenced appellant to ten years in prison.

Appellant contends the trial court's judgment should be modified to show the degree of the offense for which he was convicted is a third-degree felony. Appellant also argues the trial court's judgment should be modified to show there were no plea bargain terms. The State responds that the trial court's judgment is correct and should not be modified. We agree with the State with respect to the degree of the offense.

Although appellant's punishment was subject to a third-degree felony range due to the enhancement paragraphs, the theft offense for which he was convicted is a state-jail felony. The judgment correctly recites the degree of the offense is a state-jail felony.

The judgment does, however, incorrectly state the terms of plea bargain as "10 years penitentiary." We sustain appellant's issue as to the terms of plea bargain. We modify the judgment to show there were no plea bargain terms. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

  _/Ada Brown/_____
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140427F.U05

-2-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NATHANIEL DEMETRIUS GORDON, Appellant

No. 05-14-00427-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 203rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F14-51806-P).
Opinion delivered by Justice Brown, Justices Lang and Whitehill participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "None."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered January 12, 2015.